UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARCELLUS GREEN,<br><br>    Plaintiff,<br>    v.<br>ALAMEDA COUNTY; GREGORY AHEARN in his capacity as Sheriff for Alameda County; DOES 1-25, individually and in their capacities as Deputy Sheriffs for Alameda County,<br><br>    Defendants.<br>_____/ | No. C 12-05929 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>[Re: ECF No. 5] |

## INTRODUCTION

Plaintiff Marcellus Green filed the instant complaint against, according to the caption, defendants Alameda County, Alameda County Sheriff Gregory Ahern (in his official capacity), and Does 1-25 (who allegedly are deputy sheriffs in Alameda County). Complaint, ECF No. 1 at 1.[1] Alameda County and Sheriff Ahern move to dismiss Mr. Green's complaint, to strike one of Mr. Green's causes of action and one of his requests for relief, and, if the complaint is not dismissed, for a more definite statement. Motion, ECF No. 5. Pursuant to Civil Local Rule 7-1(b), the court finds this matter to be suitable for determination without oral argument and **VACATES** the March 7, 2013 hearing. For the reason stated below, the court **GRANTS** Alameda County and Sheriff

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-05929 LB
ORDER

1  Ahern's motion and **DISMISSES WITHOUT PREJUDICE** Mr. Green's complaint.  Mr. Green

2  may file a First Amended Complaint by March 14, 2013.

### STATEMENT

Mr. Green filed the instant complaint in this court on November 20, 2012.  Complaint, ECF No. 1.  The gist of the complaint is that an unidentified deputy sheriff in Alameda County assaulted Mr. Green and used excessive force against him.  *See id*. ¶¶ 11-24.  He seeks damages and an injunction enjoining the Alameda County Sheriff's Department from "authorizing, allowing, or ratifying" excessive force by its officers, as well as attorney's fees and costs.  *Id*. at 11-12.

The complaint is not a model of clarity.  First, it is unclear from the complaint who Mr. Green has named as defendants.  In the caption, and in Paragraphs 3, 4, and 5, Mr. Green names Alameda County, Sheriff Ahern, and Does 1-25 as defendants.  *Id*. at 1, ¶¶ 3-5.  But in Paragraph 1, Mr. Green lists as defendants Alameda County, Sheriff Ahern, and Does 1-100.  *Id*. ¶ 1.

Second, it also is unclear what some of his causes of action are for and against whom they are brought.  The court notes the following is found in Mr. Green's complaint: (1) that Mr. Green's first cause of action is brought against Does 1-25, pursuant to 42 U.S.C. § 1983, for violations of his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution, his right not to be deprived of life or liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution, his right to be free from excessive force under the Fourth, Fifth, and Fourteen Amendments to the United States Constitution, and his right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution; (2) that his second cause of action is brought against Alameda County and Does 11-25, pursuant to 42 U.S.C. § 1983, for deliberate indifference to a pattern and practice of the Constitutional violations alleged in his first cause of action; (3) that his third cause of action is brought against Does 1-10 (or "Defendants" and Does 1-10) for assault and battery; (4) that his fourth cause of action is brought against Does 1-10 (or "Defendants" and Does 1-10) for false arrest and imprisonment; (5) his fifth cause of action is brought against Does 1-10 (or "Defendants" and Does 1-10) for intentional infliction of emotional distress; (6) his sixth cause of action is brought against  "Defendants" and Does 1-10 for negligent infliction of emotional distress; (7) his seventh

**U**NITED **S**TATES **D**ISTRICT **C**OURT
For the Northern District of California

cause of action is brought against Does 1-10 (or "Defendants" and Does 1-10) for violation of California Civil Code § 51.7; (8) his eighth cause of action is brought against "Defendants" and Does 1-10 for violation of California Civil Code § 52.1; (9) his ninth cause of action is brought against "Defendants" and Does 1-10 for negligence. *See id.* ¶¶ 27-60.

On January 9, 2013, the County and Sheriff Ahern filed a motion to dismiss the complaint. Motion, ECF No. 5. They ask the court to dismiss all of Mr. Green's causes of action. *See id.* at 1. They also ask the court to strike Mr. Green's sixth cause of action (negligent infliction of emotional distress) and his request for injunctive relief. *See id.* at 1. Finally, should the court not dismiss his causes of action, they ask the court to require Mr. Green to provide a more definite statement as to his first, third, fourth, fifth, seventh, eighth, and ninth causes of action. *See id.* at 1-2. Mr. Green filed an opposition on January 23, 2013, and the County and Sheriff Ahern filed a reply on January 29, 2013. Opposition, ECF No. 9; Reply, ECF No. 10.

**ANALYSIS**

**I. LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

1  enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal
2  citations and parentheticals omitted).

3  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
4  and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *see also Erickson v.*
5  *Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir.
6  2007).

7  If the court dismisses the complaint, it should grant leave to amend even if no request to amend
8  is made "unless it determines that the pleading could not possibly be cured by the allegation of other
9  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*
10 *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party
11 repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See*
12 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where
13 district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim
14 with leave to amend).

15 **II. DISCUSSION**

16 As described above, there is much confusion about what claims Mr. Green actually is intending
17 to bring and against whom he intends to bring them.  It appears that Mr. Green concedes this point,
18 at least in part. For example, Mr. Green clarifies in his opposition that his § 1983 claims (his first
19 and second causes of action) are based only on the Fourth Amendment; they are not based on the
20 Fifth or Fourteenth Amendments.  Opposition, ECF No. 9 at 11.  This is not what the complaint
21 alleges, though.  In addition, Mr. Green makes clear that none of his state law claims (his third
22 through ninth causes of action) are brought against Sheriff Ahern.  *Id*. at 11-12.  But again, this is
23 not clear from the allegations in the complaint.  Mr. Green also clarifies, to the extent it is needed,
24 that he brings his first cause of action against the unidentified deputy sheriff who alleged assaulted
25 and used excessive force against him, and that he brings his second cause of action against the
26 County, Sheriff Ahern (who Mr. Green says was inadvertently omitted from this cause of action),
27 and Does 11-25.  *Id*. at 8 nn. 2-3.  That Mr. Green has to clarify his complaint in these ways speaks
28 to the lack of fair notice provided by his complaint.  *See Twombly,* 550 U.S. at 555.  For this reason,

1  the court finds that Mr. Green's complaint fails to put the defendants on notice of the claims against
2  them and that it must be dismissed. *See id.* Because of the allegations' lack of clarity, and given
3  that Mr. Green may be able to remedy the deficiencies pointed out above, the court **DISMISSES**
4  **WITHOUT PREJUDICE** Mr. Green's complaint.[2]

5  Given that this dismissal without prejudice is based entirely on the pleading deficiencies
6  described above, the court does not reach the County and Sheriff Ahern's arguments regarding the
7  sufficiency of certain of Mr. Green's causes of action or his standing to seek injunctive relief. *See*,
8  *e.g.*, Motion, ECF No. 5 at 4 (arguing that Mr. Green does not sufficiently allege a violation under
9  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)), 6 (arguing that Mr.
10 Green did not allege facts sufficient to show that he has standing to seek injunctive relief). Because
11 Mr. Green will be given an opportunity to file an amended complaint, the court will take any such
12 arguments, to the extent they are made, at a later date.

### CONCLUSION

Based on the foregoing, Mr. Green's complaint is **DISMISSED WITHOUT PREJUDICE**. Mr. Green may file a First Amended Complaint by March 14, 2013.

This disposes of ECF No. 5.

**IT IS SO ORDERED.**

Dated: February 25, 2013

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

---

[2] The County and Sheriff Ahern urge the court to dismiss with prejudice Mr. Green's first cause of action. Motion, ECF No. 5 at 5. The court will not do so now.