UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MARCELLUS GREEN,<br><br>　　　　Plaintiff,<br>　　v.<br><br>ALAMEDA COUNTY; GREGORY AHEARN in his capacity as Sheriff for Alameda County; DOES 1-25, individually and in their capacities as Deputy Sheriffs for Alameda County,<br><br>　　　　Defendants.<br>_____/ | No. C 12-05929 LB<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION**<br><br>[Re: ECF No. 13] |

Plaintiff Marcellus Green filed a complaint against, according to the caption, defendants Alameda County, Alameda County Sheriff Gregory Ahern (in his official capacity), and Does 1-25 (who allegedly are deputy sheriffs in Alameda County). Complaint, ECF No. 1 at 1.[1] Alameda County and Sheriff Ahern moved to dismiss Mr. Green's complaint, to strike one of Mr. Green's causes of action and one of his requests for relief, and, if the complaint was not dismissed, for a more definite statement. Motion, ECF No. 5. On February 25, 2013, the court granted Defendants' motion, dismissed without prejudice Mr. Green's complaint, and allowed Mr. Green leave to file a First Amended Complaint no later than March 14, 2013. 2/25/2013 Order, ECF No. 13. Mr. Green has yet to file a First Amended Complaint, and it is now past the court's deadline to do so. And the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-05929 LB
ORDER

court has received no indication that Mr. Green intends to prosecute this action. *See generally* Docket.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal, . . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors favor support dismissal. Mr. Green has not filed a First Amended Complaint, even though it already past the court's deadline for doing so. This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving. There also is no risk of prejudice to the defendants, and the court already tried to move this case along by issuing an order that clearly explained to Mr. Green the deficiencies in his complaint and gave him leave to file an amended one.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Green's action for failure to prosecute. The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: March 19, 2013

_____
LAUREL BEELER
United States Magistrate Judge